IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. CHILDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERIZON WIRELESS MANAGED ) <br> DISABILITY BENEFITS PLAN, ) <br> and METROPOLITAN LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> _____ ) | 2:12-cv-02981-GEB-DAD <br><br> <u>ORDER TO SHOW CAUSE AND</u> <u>CONTINUING STATUS (PRETRIAL</u> <u>SCHEDULING) CONFERENCE</u> |

The December 10, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on March 18, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The December 10, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than March 15, 2013, why sanctions should not be imposed against him/it and/or his/its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the party or his/its counsel is at fault, and whether a hearing is requested on the

OSC.[1] If a hearing is requested, it will be held on April 15, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

  IT IS SO ORDERED.

Dated:  March 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2