UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS E. CHILDS,                    No. 2:12-cv-02981-TLN-DAD

      Plaintiff,

    v.                               <u>PRETRIAL SCHEDULING ORDER</u>

VERIZON WIRELESS MANAGED
DISABILITY BENEFITS PLAN and
METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendants.
_____/

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.   <u>SERVICE OF PROCESS</u>

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.  <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

    III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e).  Jurisdiction and venue are not contested.

///

1

IV.   <u>DISCOVERY</u>

This case is governed by ERISA, therefore, all evidence for trial will be limited to the administrative record.  The parties may move to admit evidence outside the administrative record. Defendant shall provide Plaintiff a copy of the entire administrative record within **60** days of the date of this Pretrial Scheduling Order.  The filing of the written administrative record shall be filed not later than **September 5, 2013.**

V.   <u>MOTION HEARING SCHEDULE</u>

The last day to hear dispositive motions shall be **October 31, 2013.**  The parties shall comply with the following filing deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.

Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions <u>in limine</u>.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VI.   <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for **January 30, 2014** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make

commitments on behalf of the client.

    Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

    The parties shall file, not later than **January 9, 2014**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

    At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

    The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each

4

party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce

confusion at trial.  All multi-page exhibits shall be stapled or
otherwise fastened together and each page within the exhibit
shall be numbered.  All photographs shall be marked individually.
The list of exhibits shall not include excerpts of depositions,
which may be used to impeach witnesses.  In the event that
Plaintiff and Defendant offer the same exhibit during trial, that
exhibit shall be referred to by the designation the exhibit is
first identified.  The Court cautions the parties to pay
attention to this detail so that all concerned will not be
confused by one exhibit being identified with both a number and a
letter.

     The Final Pretrial Order will contain a stringent standard
for the offering at trial of witnesses and exhibits not listed in
the Final Pretrial Order, and the parties are cautioned that the
standard will be strictly applied.  On the other hand, the
listing of exhibits or witnesses that a party does not intend to
offer will be viewed as an abuse of the court's processes.

     The parties also are reminded that pursuant to Rule 16 of
the Federal Rules of Civil Procedure it will be their duty at the
Final Pretrial Conference to aid the Court in: (a) the
formulation and simplification of issues and the elimination of
frivolous claims or defenses; (b) the settling of facts that
should properly be admitted; and (c) the avoidance of unnecessary
proof and cumulative evidence.  Counsel must cooperatively
prepare the Joint Final Pretrial Conference Statement and
participate in good faith at the Final Pretrial Conference with
these aims in mind.  A failure to do so may result in the
imposition of sanctions which may include monetary sanctions,

orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

## VII. <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than **January 16, 2014** by **4:00 p.m.** Counsel are directed to Local Rule 285 regarding the content of trial briefs.

## VIII. <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

Any evidentiary or procedural motions are to be filed by **January 9, 2014.** Oppositions must be filed by **January 16, 2014** and any reply must be filed by **January 23, 2014.** The motions will be heard by the Court at the same time as the Final Pretrial Conference.

## IX. <u>TRIAL SETTING</u>

The trial is set for **March 28, 2014** at **9:00 a.m.** Trial will be a **half day** bench trial.

## X. <u>SETTLEMENT CONFERENCE</u>

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request. In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements

are neither to be filed with the Clerk nor served on opposing

counsel.  Each party, however, shall serve notice on all other

parties that the statement has been submitted.  If the settlement

judge is not the trial judge, the Settlement Conference Statement

shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a

settlement conference prior to the Final Pretrial Conference if

they feel it would lead to the possible resolution of the case.

In the event an early settlement conference date is requested,

the parties shall file said request jointly, in writing.  The

request must state whether the parties waive disqualification,

pursuant to Local Rule 270(b), before a settlement judge can be

assigned to the case.  Absent the parties' affirmatively

requesting that the assigned Judge or Magistrate Judge

participate in the settlement conference AND waiver, pursuant to

Local Rule 270(b), a settlement judge will be randomly assigned

to the case.

XI.  <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a

stipulation and proposed order requesting referral to the

Voluntary Dispute Resolution Program.

XII.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the

Federal Rules of Civil Procedure, the Pretrial Scheduling Order

shall not be modified except by leave of court upon a showing of

**good cause.**  Agreement by the parties pursuant to stipulation

alone to modify the Pretrial Scheduling Order does not constitute

good cause.  Except in extraordinary circumstances,

1  unavailability of witnesses or counsel will not constitute good

2  cause.

3      XIII.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

4      This Pretrial Scheduling Order will become final without

5  further order of the Court unless objections are filed within

6  seven (7) *court* days of service of this Order.

7      IT IS SO ORDERED.

8  DATED: June 11, 2013

9

10

11

12                         Troy L. Nunley
                          United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28